IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RONALD G. LORD,         )
                        )
    Plaintiff,          )
                        )
v.                      ) CV 105-126
                        )
JOE PEEBLES et al.,     )
                        )
    Defendants.         )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On December 28, 2005, plaintiff filed an amended complaint. Doc. 22. The Court construed the amended complaint as a motion to file an amended complaint and, in a separate Order, granted the motion under Rule 15(a) of the Federal Rules of Civil Procedure. The Court now will screen the new complaint to determine whether plaintiff's claims may be added to his original complaint. The Court may dismiss a complaint, or any part thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

Plaintiff filed his initial complaint on August 15, 2005. Doc. 1. The Court

subsequently ordered him to file an amended complaint, and plaintiff complied on November 1, 2005. Doc. 11. The amended complaint alleged that defendants Peebles and Wiley had been deliberately indifferent to plaintiff's medical needs while in jail. Plaintiff now seeks to amend his complaint to add William P. Doupe, an assistant district attorney, Judge S.D. Pearson, a magistrate court judge, "Mrs. Crumpton of Warrenton, Ga.," and Logan Marshal, the Sheriff in McDuffie County. Doc. 22. Plaintiff's new claims primarily challenge the legality of his arrest and detention, not his asserted lack of medical attention while in jail.

## II. DISCUSSION

A plaintiff may not amend his complaint with new claims and defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000). As recognized by the Eleventh Circuit in analyzing the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998) (per curiam). Because most of the claims raised in plaintiff's new amended complaint, which challenge the legality of his detention, are unrelated to his claims of deliberate indifference to medical needs raised in his original and first amended complaints, plaintiff should not be allowed to pursue those new claims in

2

this action.

Plaintiff also may not pursue most of the claims in his amended complaint inasmuch as they challenge the legality of his imprisonment. A Section 1983 damages claim that calls into question the lawfulness of a conviction or sentence "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. Id. at 484-86. Thus, the Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87. If plaintiff desires to challenge the legality of his imprisonment, he may do so through a state petition for writ of habeas corpus and, after his state habeas remedies have been exhausted, through a petition under Title 28, United States Code, Section 2241 or 2254. A Section 1983 civil action is not the proper avenue for a prisoner's challenge to the legality of his imprisonment.

The only claim in plaintiff's amended complaint remotely similar to the claims raised in his original and first amended complaints involves Logan Marshal, Sheriff of McDuffie County. While plaintiff was arrested in Warren County, he is being detained in the McDuffie

3

County Jail. Plaintiff claims that Sheriff Marshal should be held liable for the asserted deliberate indifference to plaintiff's medical needs. Plaintiff concedes, however, that defendant Peebles, the Warren County Sheriff, controls his detention and is responsible for ensuring that he is provided with adequate medical care. Doc. 22 at 4. Because plaintiff does not allege either that he sought medical care from Sheriff Marshal or that Sheriff Marshal was obligated to provide him with medical care, his claim against Sheriff Marshal should not be allowed to proceed.

## III. CONCLUSION

The Court finds that the grounds raised in plaintiff's amended complaint, Doc. 22, are unrelated to the substance of his original complaint and otherwise fail to state a claim on which relief may be granted. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the claims raised in the amended complaint be **DISMISSED**.

SO REPORTED AND RECOMMENDED this 10th day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE