```
                                                           FILED
                                                    U.S. DISTRICT COURT
                                                       AUGUSTA DIV.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RONALD G. LORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 105-126 |
| | ) |
| JOE PEEBLES et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed several motions for medical care, including a motion for a preliminary injunction, and a motion for access to the law library. The Court has construed all of the motions as being for injunctive relief. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the motions for injunctive relief, Docs. 13, 18, 19, 23, be **DENIED** as **MOOT**.

Plaintiff filed his initial complaint on August 15, 2005. The Court subsequently ordered him to file an amended complaint, and plaintiff complied on November 1, 2005. The amended complaint alleged that defendants Peebles and Wiley had been deliberately indifferent to plaintiff's medical needs while in jail. According to plaintiff, he has a debilitating condition in his neck, and he contends that defendants have deprived him of adequate medical care.

Plaintiff has filed several requests for medical attention, in which he urges the Court to order that he be seen by a physician. He also filed a terse motion for access to the law library, from which the Court infers that he feels he is being deprived of such access, although he does not explicitly allege such deprivation.

On December 30, 2005, the Court sent a letter to defendant Peebles directing him to respond to plaintiff's requests for medical attention and library access. Defendant Peebles responded by submitting a letter and an affidavit on January 9, 2006.[1] According to defendant, all prisoners are allowed to see a primary care physician upon request, and plaintiff was referred to see an orthopedic surgeon on January 6, 2006. Plaintiff also has been allowed access to the law library at McDuffie County Jail upon request.

Because it appears that plaintiff already has been provided with the sort of injunctive relief that he sought through his motions, the Court recommends that his motions, Docs. Docs.13, 18, 19, 23, be **DENIED** as **MOOT**. If plaintiff disputes any of defendant's statements in the attached letter and affidavit regarding his access to medical care and to the law library, plaintiff may indicate those disputes in a timely objection to this Recommendation.

SO REPORTED AND RECOMMENDED this 20th day of January, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court **DIRECTS** that the letter and affidavit, which are attached to this Recommendation, be made part of the record in this case.



# Warren County Sheriff's Office
## Joe Peebles, Sheriff

January 9, 2006

Honorable W. Leon Barfield
United States District Court
Southern District, Georgia
P.O. Box 1504
Augusta, GA 30903

      Re:    Ronald G. Lord v. Joe Peebles, et. al.
             In the United States District Court, CV105-126
             Our File No: 6065/1

Dear Judge Barfield:

      I am in receipt of your letter dated December 30, 2005 requesting a response to inmate Lord's allegations concerning the medical care he is receiving in the McDuffie County Jail and his access to a law library. All of the jail's inmates, including Mr. Lord, are permitted to see a primary care physician (PCP) upon request. Mr. Lord has seen a PCP on multiple occasions while he has been incarcerated at the McDuffie County Jail. On December 29, 2005, before I was served with a copy of Mr. Lord's complaint, he had an appointment with a PCP who referred him to an orthopedic surgeon. On January 6, 2006, Mr. Lord had an appointment with the orthopedic surgeon regarding the complaints in his motion for a preliminary injunction. Consequently, Mr. Lord's motion appears moot.

      Additionally, Mr. Lord has asked the Court for access to the law library at the McDuffie County Jail. All McDuffie County Jail inmates are permitted access to the law library upon request. To my knowledge, Mr. Lord has never been denied access to the law library. This motion, too, appears moot.

      Should you have any questions regarding this matter, please do not hesitate to contact me.

                                    Sincerely,

                                    Sheriff Joe Peebles
                                    Warren County Sheriff's Department

cc:    Mr. Ronald G. Lord

Mr. Ronald G. Lord
P.O. Box 360
Thomson, GA 30824

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| RONALD G. LORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO.: CV 105-126 |
| JOE PEEBLES, et. al. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AFFIDAVIT OF JOE PEEBLES

Personally appeared before the undersigned attesting officer, duly authorized by law to administer oaths, JOE PEEBLES, who, after first being sworn, deposes and says that he is over 21 years of age, that he has personal knowledge of the facts stated herein, and that he understands this affidavit may be used as evidence in this case in response to Plaintiff's motions for injunctive relief.

**1.**

Affiant states he is the Sheriff of Warren County, State of Georgia.

**2.**

Affiant has reviewed the statements in the attached letter dated January 9, 2006 and verifies that the allegations contained therein are true and accurate to the best of his knowledge.

FURTHER AFFIANT SAYETH NOT.

SWORN TO AND SUBSCRIBED  
before me this 9th day of January,  
2006.

*Janice Thigpin*  
Notary Public  
Warren County, Georgia

My Commission Expires: May 10, 2008

*Joe Peebles*  
JOE PEEBLES, in his capacity as  
Sheriff of Warren County, State of Georgia