IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RONALD G. LORD,            )
                           )
    Plaintiff,             )
                           )
v.                         ) CV 105-126
                           )
JOE PEEBLES and DARYL WILEY, )
                           )
    Defendants.            )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Defendant Peebles has filed a motion to dismiss plaintiff's complaint.[1] As grounds for dismissal, defendant points out that plaintiff failed to follow the instructions in the Court's December 15, 2005, Order, where the Court directed plaintiff to notify opposing counsel and the Court of any change of address and to serve opposing counsel with his pleadings and any other document he files with the Clerk. Doc. 16.

Plaintiff, proceeding pro se and *in forma pauperis*, responded to the motion by stating that he was unaware that he needed to serve defendants with his motions and other pleadings. He also contends that he "sent out his new address to the Court and both defendant[s]" in early February 2006, after being transferred to a new jail on January 31, 2006. The record contains no evidence of plaintiff informing defendants of his new address.

---

[1] Defendant Wiley joined Defendant Peebles's motion to dismiss on April 5, 2006. Doc. 71.

Plaintiff has now filed eighteen motions since the Court ordered service of process on December 15, 2005. Eight of those motions have been motions to amend his complaint, many of which have been virtually identical. The Court has twice cautioned plaintiff to refrain from his shotgun style of filing motions, once on January 31, 2006, Doc. 40, and again on February 16, 2006, Doc. 54. Yet plaintiff has continued to file motions.

Notwithstanding his pro se status, plaintiff is required to comply with the Local Rules and orders of the Court. See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that pro se litigants are required to follow procedural rules); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court."). The Court will allow plaintiff one more opportunity to do so. Plaintiff is required to serve every motion, letter, or other pleading that he files with the Court on each defendant and to include a Certificate of Service with each pleading in accordance with Local Rule 5.1.[2] Plaintiff also is required to notify the Court and each defendant of any future change of address. Finally, any future filing of frivolous motions, or of motions identical to those previously filed and denied, will result in plaintiff's complaint being dismissed for abuse of the judicial process.

As the Court instructed in its January 31, 2006, Order, any future motion filed by plaintiff should pertain only to the substance of his complaint and should be filed only after he has attempted to resolve his problem with opposing counsel without Court intervention.

---

[2]Plaintiff states in his response to the motion to dismiss that he could not serve defense counsel with his pleadings because he does not have enough stamps. It is well-established that prison officials must provide indigent litigants with postage stamps to be used in filing and serving court documents. E.g., Bounds v. Smith, 430 U.S. 817, 824-25 (1977). Lack of postage is not a valid excuse for failure to serve pleadings where prison officials are complying with their responsibility to provide indigent postage.

Plaintiff also should detail in his motion his efforts to resolve the issue with opposing counsel. If the motion does not involve a party to this action, plaintiff is still required to detail his efforts to solve the problem without Court intervention.

Plaintiff has become a seasoned jail-house litigator and should be well aware of the Court's rules and his obligations in prosecuting his complaint. See Lord v. Jimenez, CV 101-65 (S.D. Ga. Apr. 25, 2001) (detailing plaintiff's filing history). The Court will not tolerate any future failure of plaintiff to abide by the Local Rules or the Court's orders. Any future failure of plaintiff to comply with the directions contained in this Order or any prior Order of the Court will result in *sua sponte* dismissal of plaintiff's complaint. The Court recommends that defendants' motion to dismiss, Docs. 62, 71, be **DENIED**, for now.

SO REPORTED AND RECOMMENDED this 19th day of April, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE