```
                                                              FILED
                                                         U.S. DISTRICT COURT
                                                            AUGUSTA DIV.
       IN THE UNITED STATES DISTRICT COURT
                                                         2006 MAY -8 PM 12: 56
     FOR THE SOUTHERN DISTRICT OF GEORGIA
                                                         CLERK J Burton
                    AUGUSTA DIVISION                        SO. DIST. OF GA.
```

RONALD G. LORD,                )
                               )
    Plaintiff,             )
                               )
v.                             ) CV 105-126
                               )
JOE PEEBLES and DARYL WILEY,   )
                               )
    Defendants.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Wiley in this Title 42, United States Code, Section 1983 action has filed a motion for summary judgment. Plaintiff submitted his opposition to the motion. For the reasons that follow, the Court recommends that the summary judgment motion, Doc. 80, be **GRANTED** and that judgment be **ENTERED** in favor of Defendant Wiley.

### I. BACKGROUND

Defendant Wiley is a physician who, under contract with the McDuffie County Jail, evaluates and treats inmates housed in the jail. While incarcerated in the McDuffie County Jail, plaintiff visited Dr. Wiley on July 21, 2005, complaining of neck pain. Def. Ex. A ¶ 5. Plaintiff requested that Dr. Wiley provide him with narcotic medication to treat the pain. Dr. Wiley instead prescribed other medication to treat plaintiff's condition. Id. ¶ 6. Plaintiff

subsequently visited Dr. Wiley on eight occasions over the ensuing six months complaining of neck pain. On each occasion, Dr. Wiley evaluated plaintiff's condition and prescribed non-narcotic medication. Id. ¶ 7. It was Dr. Wiley's opinion that plaintiff's condition did not necessitate narcotic medication. Id. ¶ 13.

Plaintiff subsequently visited Dr. John Bieltz, an orthopedic surgeon, on January 6, 2006, complaining of continuing neck pain. Dr. Bieltz found that plaintiff suffers from degenerative disk disease and cervical disk protrusion, but that his condition did not require immediate surgical attention. Def. Ex. B ¶ 4.

Prior to being incarcerated in July 2005, plaintiff saw Dr. Thomas Parfenchuck, an orthopedic surgeon, complaining of neck pain. Dr. Parfenchuck diagnosed plaintiff with degenerative process, but he did not construe plaintiff's condition to be serious or to require immediate surgery. Def. Ex. C ¶ 4. Plaintiff contends, however, that Dr. Parfenchuck had previously scheduled surgery for plaintiff's neck condition and had opined that plaintiff was endanger of paralysis if he did not receive such treatment promptly. Pl. Resp. at 7.

On August 15, 2005, plaintiff filed the instant case under Section 1983 contending that Dr. Wiley had been deliberately indifferent to a serious medical condition. In his motion for summary judgment, Dr. Wiley contends that plaintiff does not suffer from an objectively serious medical condition, and that Dr. Wiley has not been indifferent to plaintiff's medical needs.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material

2

fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[1] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party meets its burden, the non-moving party must then "demonstrate

---

[1] For purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

3

that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

## III. DISCUSSION

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). The Supreme Court has held that Eighth Amendment claims have both an objective and a subjective component: (1) the prisoner must allege a deprivation that is "sufficiently serious" to implicate constitutional concerns and (2) the prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "Deliberate indifference," the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the defendants disregarded a risk of harm of which they knew. Farmer, 511 U.S. at 829, 837 (rejecting objective test and adopting subjective one).

Because a prisoner is unable to care for his medical needs as a result of his

incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105. The Court noted that an official's indifference could be manifested by a "prison doctor['s] . . . [inappropriate] response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. The Court was careful to caution, however, that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. For example, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's rights. Id. at 105.

In order to succeed in a medical indifference claim, a plaintiff must satisfy both objective and a subjective components of the deliberate indifference standard. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). To satisfy the objective component, a plaintiff must show that his medical need is serious, or that the need "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the need for a doctor's attention." Id. at 1187. For the subjective component, a plaintiff must show that the defendant possessed "knowledge of the need for medical care" and displayed "the intentional refusal to provide that care." Id. at 1186.

Regarding the objective component of the medical indifference standard, plaintiff has been diagnosed by Dr. Bieltz and Dr. Parfenchuck with degenerative disk disease. Such a condition generally is treated with pain medication and bed rest, and the condition rarely requires surgery. Understanding Spinal Disk Problems-Recommended Treatment, WebMd,

5

at http://www.webmd.com/content/article/65/72632 (Apr. 28, 2006).

While plaintiff has been diagnosed with a medical condition, plaintiff has presented no objective evidence to indicate that his condition is so severe that surgery or narcotic medication is required. To the contrary, defendant has submitted affidavits from both orthopedic surgeons who have examined plaintiff indicating that his condition is not severe and immediate surgery is not required to treat it. Plaintiff has not submitted objective evidence in opposition to the affidavits. Thus, the Court does not find objective evidence in the record indicating that plaintiff's condition is so serious that it would require immediate surgical treatment.

Regarding the subjective component of the medical indifference standard, the record indicates that Dr. Wiley has seen plaintiff on eight occasions. Dr. Wiley prescribed pain medication to plaintiff to treat his condition, which is a part of the normal course of treatment for degenerative disk disease. Because plaintiff has not submitted objective evidence indicating that his condition was sufficiently severe to require more than pain medication, or more potent pain medication than he was receiving, the Court finds that Dr. Wiley was not deliberately indifferent to plaintiff's medical condition.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has not submitted evidence sufficient to establish the existence of a condition so severe that surgery or narcotic medication is required. Alternatively, plaintiff has not shown that Dr. Wiley was deliberately indifferent to his medical needs. Accordingly, Dr. Wiley's motion for summary judgment

should be **GRANTED**. Dr. Wiley should be **DISMISSED** as a defendant in this action.

SO REPORTED AND RECOMMENDED this 8th day of May, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE